**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ANISA E., as Parent and** | * | |
| **Guardian of K.L.B., III, a minor child** | * | |
| | * | |
| **v.** | * | **Civil Case No. GJH-18-1771** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the Commissioner's motion for summary judgment.[1] ECF 18. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, I recommend that the Commissioner's motion be granted.

Plaintiff applied for and received Children's Supplemental Security Income ("SSI") benefits on behalf of her minor child, K.L.B., III, in 2009. Tr. 81-96. On November 9, 2015, the Commissioner determined that K.L.B., III was no longer disabled as of November 1, 2015. Tr. 97-100. Plaintiff sought reconsideration, but the original determination was upheld by a Disability Hearing Officer. Tr. 122-30. After a hearing on November 21, 2016, an Administrative Law Judge ("ALJ") issued an opinion on March 8, 2017, affirming the determination that K.L.B., III's

---

[1] Plaintiff, who proceeds *pro se*, did not file a Motion for Summary Judgment in accordance with the scheduling order. After the Commissioner filed her Motion for Summary Judgment on February 11, 2019, ECF 18, a Rule 12/56 letter was mailed to Plaintiff, advising her of the potential consequences of failure to oppose the Commissioner's motion. ECF 19. Plaintiff still did not file a response.

disability had ended as of November 1, 2015, and finding that K.L.B., III had not become disabled again since that date.  Tr. 30-43.  The Appeals Council denied review, making the ALJ's decision the final, reviewable decision of the Agency.  Tr. 1-7.

The ALJ evaluated Plaintiff's claim using the appropriate sequential process for determining whether a child's disability has ended, as set forth in 20 C.F.R. § 416.994a.  The ALJ determined that the "comparison point decision" was the decision finding K.L.B., III disabled on April 29, 2009, as a result of hypoplastic left heart syndrome.  Tr. 33.  The ALJ found that, although K.L.B., III continued to suffer from the same cardiac condition through the date of the ALJ's opinion, medical improvement had occurred as of November 1, 2015.  Tr. 34.  In finding medical improvement, the ALJ relied on several facts, including that K.LB., III "has not required further surgical intervention in the past four years," "his treatment notes indicate that he has been doing relatively well and that his symptoms have improved," and a state agency medical examiner's opinion supported a finding of medical improvement.  Tr. 34.  At step three, the ALJ concluded that K.L.B., III's condition after November 1, 2015 did not meet the listings within Section 104.00.  Tr. 34, 42.  The ALJ further found, by considering K.L.B., III's degree of limitation in six domains of functioning, that after November 1, 2015, K.L.B., III did not have an impairment or combination of impairments that were functionally equivalent to any listing.  Tr. 34-43.  Therefore, the ALJ determined that K.L.B., III's disability ended as of November 1, 2015, and that he had not become disabled again between that date and the date of the ALJ's opinion.  Tr. 43.

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390 (1971).  Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my

own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find that the ALJ's RFC determination was supported by substantial evidence.

The ALJ accurately summarized the medical evidence of record throughout her opinion, and appropriately referred to evidence, with record citations, to support her conclusions in evaluating whether K.L.B., III's condition met or medically equaled or was functionally equivalent to any listing. Tr. 34-42. The ALJ specifically considered Listings 104.05 and 104.06, and identified which criteria had not been met with discussion of the relevant medical evidence. Tr. 34, 42. Functional equivalence is determined by rating a child's abilities in six "domains." Disability is established if the child has an "extreme" degree of limitation in one domain, or a "marked" limitation in two domains. *See* 20 C.F.R. § 416.926a. The ALJ found that, between November 1, 2015 and March 8, 2017, K.L.B., III was attending school and keeping up with his peers, and accordingly had "no limitation" in the four functional domains of "acquiring and using information," "attending and completing tasks," "interacting and relating with others," and "caring for yourself." Tr. 36-41. The ALJ found that, during that same time frame, K.L.B., III had "less than marked limitation in moving about and manipulating objects," Tr. 39, citing somewhat contradictory testimony from Plaintiff regarding K.L.B., III's ability to run and play, and the reports from his physicians indicating that he could start "karate or any sports he would enjoy," and had no cardiac restrictions on his activities. Tr. 40. Finally, the ALJ determined that K.L.B., III had marked limitation in the domain of "health and physical well-being," citing "Holter monitoring, which showed evidence of increased bradycardia, which may eventually result in the claimant requiring a pacemaker." Tr. 41. However, the ALJ determined that "extreme" limitations were not warranted, because "the claimant has not been restricted from participating in any

activities, despite the fact that [Plaintiff] reported his alleged symptoms to his treating physician." *Id.* Because the ALJ did not find either "marked" limitation in two functional domains or "extreme" limitation in one, the ALJ properly concluded that K.L.B., III's condition did not functionally equal a listing. I therefore recommend that the ALJ's opinion be affirmed.

Although Plaintiff did not file a motion for summary judgment, and did not address, in her Complaint, specific deficiencies in the ALJ's opinion, she raised two other issues that merit attention here. ECF 1. First, she alleged that K.L.B., III's health has worsened since the time of the ALJ's opinion. ECF 1 at 5 ("[S]ince we have been denied by a law judge [K.L.B., III] has received a pace maker, therefore I requested his S.S.I. be reinstated, or at least reviewed."). The record contains some very limited documentation suggesting that K.L.B., III was hospitalized in May, 2017, about two months after the ALJ's decision, and was scheduled to have a pacemaker implanted in October, 2017. Tr. 378-79. While the limited records regarding those developments were presented to the Appeals Council, the records do not demonstrate or suggest that K.L.B., III's worsening condition relates back to a date preceding the ALJ's opinion. The Appeals Council must review additional evidence only if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir.1991) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)); *see also* 20 C.F.R. § 416.1470. The burden of proving that evidence is new and material rests with the claimant. *See Taylor v. Astrue*, Civil No. 5:09CV7–RLV, 2012 WL 909506, at *4 (W.D.N.C. Mar. 16, 2012) (citing *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009)) (finding plaintiff did not satisfy her burden of demonstrating that new evidence was relevant to period on or before ALJ hearing decision); *Fagg v. Chater*, 106 F.3d 390, 1997 WL 39146, at *2 (4th Cir.1997) (unpublished table decision) (outlining the three prerequisites a plaintiff must satisfy to

merit remand on the basis of newly discovered evidence). Because, with the limited records presented to the Appeals Council regarding the medical developments after the ALJ's opinion, Plaintiff did not satisfy her burden to prove that the evidence was relevant to the period predating the ALJ's opinion, the evidence of K.L.B., III's condition after the date of the ALJ's opinion must be raised first to the Commissioner by way of a new application for benefits. The only issue presented to the Court in this case is whether the ALJ provided substantial evidence to support her conclusions, based on K.L.B., III's medical condition between November 1, 2015 and March 8, 2017.

Second, in her Complaint, Plaintiff seems to suggest that the SSA is attempting to collect a significant overpayment from her. ECF 1 at 6 ("I ask that the funds allocated $11,460.00, be waived, from myself having to be paid."). Any assessment of an overpayment, however, is not included in the record in this case, and is not presented to this Court by way of a final decision from the Commissioner. Accordingly, it is not yet ripe for judicial review, absent exhaustion of proceedings seeking waiver at the agency level. *See* 42 U.S.C. § 405(g) (restricting judicial review to "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party").

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion for Summary Judgment, ECF 18; AFFIRM the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g); and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: April 12, 2019                                        _____/s/_____
                                                                            Stephanie A. Gallagher
                                                                            United States Magistrate Judge